UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRYON PIERSON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-CV-01481 HEA |
| | ) |
| T-REX STL, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of self-represented plaintiff Bryon Pierson, Jr., for leave to commence this action without payment of the required filing fee. [ECF No. 2]. After reviewing the financial information, the Court will grant plaintiff's motion. Furthermore, based upon a review of the complaint, the Court finds that it should be dismissed pursuant to 28 U.S.C. § 1915(e).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir.

2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating the court must accept factual allegations in the complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Bryon Pierson, Jr, brings this action alleging claims under various federal statutes against twenty-eight (28) named defendants and fifty (50) John Doe defendants asserting a "multi-year campaign by Defendants to retaliate against, defame, economically exclude and displace Plaintiff and his company, EDUrain, Inc., from key federally connected innovation, education, and housing ecosystems." Plaintiff asserts:

> Defendants leveraged gatekeeping control over hubs, accelerators, universities, grant panels, and housing to: (a) blackball Plaintiff; (b) poison capital markets and banking access via reputational backchannels; (c) divert opportunities and IP to preferred actors; and (d) weaponize law enforcement and court processes to coerce

> Plaintiff through retaliatory criminalization and housing eviction. The same network recurs – T-REX, Cortex/CIC, Arch Grants, TechSTL, WashU/Skandalaris, UMSL/Accelerate, BALSA, and Delmar Divine – with spillover to banks/fintechs (U.S. Bank, Stripe Capital, QuickBooks/Intuit, PayPal/Venmo) and media. The result: lost contracts and capital, collapsed pilots, damaged credit channels, housing instability, and reputational destruction, disproportionally harming a Black, disabled entrepreneur and veteran-owned enterprise.

[ECF No. 1 at 2]

Plaintiff's claims in this lawsuit are illogical and appear to blame a plethora of individuals and entities for the failure of his business, EDUrain to be successful. He seems to believe that persons at T-REX, a non-profit workforce development organization in St. Louis, as well Cortex/CIC, TechSTL, Washington University, The BALSA Foundation and the University of Missouri in St. Louis, failed to work with him the way he wished so that he could obtain grants and money to pursue his business interests.

But plaintiff has not alleged true violations of federal causes of action regarding the behavior of the named defendants and the effect of the failure of his business to thrive as a result. Nor has he properly alleged a conspiracy between defendants and his eviction from his home at The Residences at Delmar Divine, or his state criminal proceedings, his financial difficulties, or his purported inability to obtain grants or investors for his business.

The Court finds that plaintiff's allegations "rise to the level of the irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The Court therefore deems plaintiff's complaint "frivolous" because it "lacks an arguable basis … in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Section 1915 requires this Court to "dismiss the case at any time if the [C]ourt determines that ... the action ... is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, considering its frivolity determination, the Court dismisses this case with prejudice, as the defects in the complaint cannot be remedied through more specific pleading. For the same reasons the Court deems

plaintiff's complaint frivolous, the Court is convinced that there would be no substantial question for review and that an appeal would be futile. *Higgins v. Steele*, 195 F.2d 366, 369 (8th Cir. 1952). The Court therefore certifies that an appeal would not be taken in good faith. See id.; 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 7th day of October, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE